## Stasukonis v. Kennedy

*George I. Puhak*, for plaintiff.

*Frank J. Gormley*, for defendants.

VALENTINE, P. J., March 12, 1956.—Plaintiff seeks a decree requiring defendants, trustees of the Anthracite Health and Welfare Fund, to pay him a pension.

The essential allegations of plaintiff's complaint are:

"4. The plaintiff became a Member of the United Mine Workers of America about A. D. 1911, and still owes allegiance to and enjoys membership in the United Mine Workers of America. . . .

"6. The plaintiff was injured on or about September 13, 1943, while working at Humboldt No. 2 Slope for the Lattimer Coal Corporation, at which time the plaintiff was a member of Local Union No. 1505, District No. 7, Hazleton, Pennsylvania. The plaintiff worked for the Lattimer Coal Corporation from 1920-1942 at Lattimer Mines, and from 1942-1943, he worked for the same company at Humboldt, Pennsylvania. During all this time, the plaintiff was in the continuous employment of the said company, and a continuous resident of the United States to this date. The plaintiff received compensation as a result of his injury.

"7. Following recovery from his injury, the plaintiff was unable to do the same kind of work as he was

accustomed to do theretofore and there was no work available at Humboldt or any other place that he could perform at that time, Humboldt Colliery ceased operations in 1947. The plaintiff obtained work at Cranberry Colliery in October 1950. He worked at said Colliery for about one week when the slope where he worked was flooded and the colliery was closed down completely and indefinitely and has not reopened since.

"8. The plaintiff remains a dues paying member of the United Mine Workers of America, and a member in good standing."

Paragraph 2 of the complaint was subsequently amended by adding thereto certain resolutions adopted by defendants' trustees, including, inter alia, a resolution adopted by them at a meeting held December 29, 1950, which resolution reads as follows:

"RESOLVED, by the Trustees of the Anthracite Health and Welfare Fund, that they will not give consideration to a pension application of a member of the United Mine Workers of America, Districts 1, 7 and 9, where such application is made by an applicant returning to the industry on or after June 1, 1946, *unless and until said applicant has been employed for one full year after the date of his reëmployment in said industry.* It is further resolved to then give consideration to each case individually on its merits with due consideration by the Trustees, in their discretion, of the following factors:

"(a) The 'good faith' of the applicant.

"(b) The reason and duration for his original separation from the industry.

"(c) Whether he sought reëmployment prior to the effective date of the pension plan.

"(d) The nature of his work on his return to the industry.

"(e) Whether he was employed outside the industry prior to his return and the duration of said employment.

"After due consideration of the foregoing, factors, the Trustees, in their discretion, will make, or deny, an award of pension, which decision shall be unappealable in the absence of fraud."

The case is now before us upon defendants' motion for judgment on the pleadings pursuant to procedural rule 1034.

The brief of plaintiffs' counsel summarizes the following as being the reasons why it is contended that plaintiff is entitled to the relief sought:

(a) He (plaintiff) was a member of The United Mine Workers of America for a period of at least 20 years; (b) that he attained the age of 60 years; (c) that he retired from work in the anthracite coal industry on or subsequent to June, 1946; and (d) that he is a resident in the United States of America.

As we view the situation, the controlling question is whether plaintiff's application meets the conditions designated by the trustees in the resolution adopted December 29, 1950.

Paragraph 7 of the complaint indicates that plaintiff ceased work at the Humboldt Colliery in 1947, and that in October 1950, he was employed at the Cranberry Colliery for the period of one week.

It thus appears from plaintiff's complaint that he was not "employed for one full year after the date of his reëmployment". In addition to this feature, the complaint sets forth no facts which would justify the court in interfering with the exercise of the discretion conferred upon the trustees: Forrish v. Kennedy, 377 Pa. 370.

Therefore, now, March 12, 1956, at 2 p.m., the motion is allowed and judgment is now entered in favor of defendants.